Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK ANTHONY PRICE,<br><br>    Plaintiff,<br><br>  v.<br><br>SYNCHRONY BANK, EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC,<br><br>    Defendants. | Case No.: 2:25-cv-00676<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, Mark Anthony Price ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendants, Synchrony Bank ("Synchrony"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union") (collectively referred to as "Defendants"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This Court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Under 28 U.S.C. § 1391(b), venue is also proper in this District because the acts and transactions giving rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiff is an adult individual residing in Clark County, Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. Synchrony is a foreign corporation doing business in Nevada.

8. Synchrony regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Equifax is a foreign limited-liability company doing business in Nevada.

10. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

13. Trans Union is a foreign limited-liability company doing business in Nevada.

14. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

15. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

16. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

**FACTS**

17. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

18. Plaintiff opened an unsecured Verizon consumer credit account with Synchrony, under Account Ending in 1890, in June 2020 (the "Account").

19. On October 11, 2023, Plaintiff paid the Account in full for $1,572.00.

20. Synchrony failed to process or locate the payment despite receiving it on time.

21.     Plaintiff submitted numerous written and verbal disputes directly to Synchrony regarding its failure to process or locate the payment, providing Synchrony with his proof of payment and supporting documentation.

22.     On or about March 2025, Plaintiff reviewed his Equifax and Trans Union and discovered that Synchrony reported a balance, past due information, and false monthly missed payment notations on the Account.

23.     On March 10, 2025, Plaintiff disputed the accuracy of the Account to Equifax and Trans Union in writing.

24.     Plaintiff's disputes describe the inaccuracies referenced above in detail, provide supporting documentation and demand correction.

25.     On information and belief, after receiving the disputes from Plaintiff, Equifax and Trans Union communicated the same to Synchrony.

26.     Despite proper notice of the dispute, Defendants failed to conduct a reasonable reinvestigation as required under the FCRA and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiff's credit profiles.

27.     Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's dispute.

28.     Upon receiving notice of Plaintiff's dispute of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

29.     In the alternative, Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit reports.

30.     In failing to correct the credit errors, Defendants continue to report inaccurate information in violation of the FCRA.

31.     In failing to correct the credit errors, Defendants provide misleading information on Plaintiff's credit reports in violation of the FCRA.

32. As a direct and proximate result of Defendants' false reporting, Plaintiff suffered a dramatic loss of creditworthiness and credit score.

33. As a direct and proximate result of Defendants' false reporting, Plaintiff suffered consumer loan denials.

34. As a direct and proximate result of Defendants' false reporting, Plaintiff has been forced to delay applying for consumer loans.

35. As a direct and proximate result of Defendants' false reporting, since Plaintiff could not qualify for a consumer vehicle loan, he has been forced to use Uber and ask friends and family for transportation.

36. As a direct and proximate result of Defendants' violations, Plaintiff suffered lost time and money spent disputing the inaccurate information with Defendants on numerous occasions.

**FIRST CLAIM FOR RELIEF**

**[Violations of 15 U.S.C. § 1681e(b) against Equifax and Trans Union]**

37. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

38. Equifax and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiff.

39. As a direct and proximate result of this conduct, action, and inaction of Equifax and Trans Union Plaintiff suffered, and continues to suffer, the damages as referenced above.

40. Equifax and Trans Union's acts and omissions were willful, rendering each liable for punitive damages under 15 U.S.C. § 1681n.

41. In the alternative, Equifax and Trans Union, were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

42. As a direct and proximate result of the above-referenced violations by Equifax and Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

43. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

44. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

45. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681i against Equifax and Trans Union]**

46. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

47. Equifax and Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit files after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Synchrony, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

48. As a direct and proximate result of this conduct by Equifax and Trans Union, Plaintiff suffered, and continues to suffer, the damages as referenced above.

49. Equifax and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages under 15 U.S.C. § 1681n.

50. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Trans Union under 15 U.S.C. § 1681n or § 1681o.

51. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

52. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

///

///

## THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681s-2(b) against Synchrony]**

53. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

54. Synchrony violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit files with Equifax and Trans Union; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding Plaintiff's disputes; by failing to respond to Equifax and Trans Union accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

55. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, the damages as referenced above.

56. Synchrony's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

57. In the alternative, Synchrony was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

58. As a direct and proximate result of the above-referenced violations by Synchrony, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

59. Plaintiff is entitled to recover costs and attorneys' fees from Synchrony in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

60. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

61. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## PRAYER FOR RELIEF

62. **WHEREFORE,** Plaintiff prays for relief as follows:

- For an award of actual damages;

- For an award of statutory damages;
- For an award of punitive damages;
- For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;
- For declaratory relief;
- For injunctive relief; and
- For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

63. Plaintiff is entitled to and demands a trial by jury on all counts.

Dated: April 15, 2025

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***